IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD C. HARRISON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 11-1213-CV-W-ODS |
| ) | Crim. No. 09-00109-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postctonviction Relief. For the following reasons, the motion is denied and the Court declines to issue a Certificate of Appealability.

I. BACKGROUND

In June 2004, Movant responded to an online-posting from an undercover agent advertising the availability of sexually explicit videos involving underage males. Movant sought to receive such a video and offered to send one of his own in exchange. Several such exchanges were made, and on July 2, 2004, a warrant was executed at Movant's residence. The search uncovered some of the videos sent by the undercover agent. In addition, a three-ring binder and two computers containing pictures of child pornography were seized.

In May 2005, case agents were contacted by a detective in New Hampshire who reported engaging in online chats with Movant. The detective was acting in an undercover capacity, posing as a 14-year-old boy. Movant made statements during conversations with the undercover detective indicating that he had sexually explicit pictures of minors. A warrant was executed in June 2005 and officers retrieved a computer Movant had obtained from his mother; this computer proved to have child pornography on it as well.

On April 8, 2009, Movant was charged in a six-count Indictment as follows:

Count I          Posting or publishing child pornography between June 12, and July 2, 2004
Count II         Attempted distribution of child pornography between June 5 and July 2, 2004
Count III        Knowingly possessing child pornography on July 2, 2004
Count IV         Knowingly receiving child pornography on July 2, 2004
Count V          Knowingly possessing child pornography on June 14, 2005
Count VI         Knowingly possessing child pornography on June 14, 2005[1]

A forfeiture count was also alleged.

On August 12, 2009, Movant plead guilty to Counts I - V and the forfeiture count. There was no Plea Agreement, although the Government orally agreed to dismiss Count VI. A Presentence Investigation Report ("PSR") was prepared using the United States Sentencing Guidelines in effect on November 1, 2004. Under the Guidelines' grouping rules, Count I constituted a single group and Counts II through V constituted a second group. The first "group" had a Base Offense Level of 32, to which two levels were added pursuant to section 2G2.1(b)(6)(B) and another two levels were added because the Court imposed an enhancement for obstruction of justice – resulting in an Adjusted Offense Level of 36 for that group. The second group had a Base Offense Level of 22, to which 23 levels were added for various offense-specific adjustments and an additional two levels was added for obstruction of justice – resulting in an Adjusted Offense Level of 47. The difference between the two groups was nine or more, so the Total Offense Level was 47 which, combined with Movant's criminal history category of I, resulted in a recommended sentencing range of life in prison. Depending on the extent to which the sentences were ordered to run concurrently or consecutively, the

---

[1]In its Response (at page 3) the Government indicates Count V charged Movant with possessing child pornography on June 4, 2005. This is incorrect (perhaps it is a typographical error in the Response), and Counts V and VI are exactly the same. However, Count VI was eventually dismissed, so there is no error arising from the duplication.

statutory range of punishment was fifteen to ninety years.  The Court sentenced Movant as follows:

Count I         360 months

Count II        120 months

Count III        60 months

Count IV       120 months

Count V         60 months

The sentences were ordered to run consecutively, resulting in a total sentence of sixty years.

Movant appealed his sentence, and the Court of Appeals permitted Movant's attorney to withdraw and file an Anders brief.  The issues raised and considered on appeal challenged (1) the denial of a reduction for acceptance of responsibility, (2) the imposition of an enhancement for obstruction of justice, and (3) the reasonableness of the sentence.  The Court of Appeals affirmed.  United States v. Harrison, No. 10-1532 (8th Cir. Sep. 24, 2010).

## II.  DISCUSSION OF MOVANT'S CLAIMS

The Government contends many of Movant's arguments involve trial errors or issues that were waived by his guilty plea.  However, Movant also argues that his attorney was ineffective, either for allowing the errors to occur or for failing to object to or raise arguments about the alleged errors.  The Court deems it expedient to simply address the arguments' merits.

### A.  Double Jeopardy

Movant contends Counts III and IV are duplicitous and his conviction on both charges violates the Double Jeopardy Clause.  The Eighth Circuit has held that receipt of child pornography is a lesser-included offense of possession of child pornography. United States v. Muhlenbruch, 634 F.3d 1003-04 (8th Cir.), cert. denied, 132 S. Ct. 228

3

(2011). However, there is no Double Jeopardy violation if the two charges – Counts III and IV – are based on different conduct. See id. at 1004.[2] This is the situation in the case at bar. The facts described during the Rule 11 hearing established two discrete acts occurred on July 2, 2004: (1) Movant's receipt of child pornography from the undercover agent and (2) Movant's possession of previously-received child pornography on his computer. These are discrete crimes that could validly be charged separately.[3] Because there are two distinct crimes, there is no Double Jeopardy violation.

## B. Ex Post Facto Violation

Movant next contends his guideline calculations violated the Ex Post Facto clause because his criminal conduct started before the 2004 Guidelines became effective on November 1, 2004. He argues that the 2003 Guidelines would have recommended a sentence of 360 months to life imprisonment, so application of the 2004 Guidelines resulted in a higher sentence.

There are several flaws in Movant's argument, foremost of which is his characterization of his crimes as having occurred before the 2004 Guidelines became effective. In truth, some of his criminal conduct occurred before November 2004 – but some of it occurred after that date. This means it was proper to use the Guidelines in effect at the time of the later offense. United States v. Anderson, 570 F.3d 1025, 1034 (8th Cir. 2009). There is no relevant difference between the 2003 and 2004 Guidelines: both recommended a maximum sentence of life. More importantly, the Court of Appeals has "held that the one-book rule does not violate the Ex Post Facto Clause,

---

[2] The Government compares the factual predicates for Counts IV and V, which does not address the issue Movant has raised.

[3] The Court notes that Movant's counsel discussed Counts III and IV as if they were both predicated on Movant's receipt of a video from the undercover agent. However, counsel's description is not determinative and the Record supports the existence of two distinct crimes occurring on July 2.

4

even when it results in a higher guideline range, because defendants have 'fair warning' that the revised guidelines will apply to grouped offenses." Id. Second, the Eight Circuit has questioned whether the ex post facto clause applies to the Sentencing Guidelines given that they are now discretionary and the cases holding the ex post facto clause applies were decided when (and because) the Sentencing Guidelines were mandatory. See United States v. Deegan, 605 F.3d 625, 632 (8th Cir. 2010). Finally, Movant was not prejudiced even if using the 2004 Guidelines was improper because the Court carefully fashioned an appropriate sentence under 18 U.S.C. § 3553 to achieve a total sentence that was deemed appropriate. Had the Court believed a thirty year sentence appropriate, it could – and would – have sentenced Movant to thirty years. The Court obviously was not inclined to sentence Movant to the bottom of the sentencing range.

### C. Guideline Calculations

Movant asserts several arguments regarding the Guideline calculations. He reiterates his argument regarding use of the 2004 Guidelines, but as noted earlier the one-book rule requires the use of a single set of Guidelines. In any event, Movant's "recalculation" based on the 2003 Guidelines is incorrect and would not have resulted in a significantly different recommended sentencing range. Movant also contests the denial of an adjustment for acceptance of responsibility, but Movant cannot use a postconviction proceeding to relitigate issues that were actually decided on appeal.

### D. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir.

5

1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Movant's claim of prejudice depends on the merits of the arguments he contends counsel should have raised. As discussed above, the Court concludes the arguments are devoid of merit so Movant did not suffer prejudice from counsel's failure to raise them. Movant also quarrels with counsel's filing of an Anders brief, but this was done with the Court of Appeals' permission and is not something this Court can second-guess.

### E. Malicious Prosecution

In his final claim Movant argues the prosecutor acted maliciously in failing to dismiss Count IV for the reasons discussed in Part II.A, earlier. Inasmuch as there is no constitutional infirmity in Count IV, the claims must be rejected. This conclusion should not be construed as endorsing Movant's explanation as to why the Government agreed to dismiss Count VI.

### III. CERTIFICATE OF APPEALABILITY

6

In order to appeal, Movant first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the motion because the issues are fresh in the Court's mind and efficiency is promoted. See Rule 11(b), Rules Governing Section 2255 Proceedings.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b).

None of Movant's claims deserve further proceedings because reasonable jurists would not agree (or debate) that they have merit. The Double Jeopardy claim fails to take full account of the facts presented at the Rule 11 proceeding. The Ex Post Facto claim is contrary to the law of the circuit, and Movant was not prejudiced even if a violation existed. The third claim's primary argument involved issues that were rejected on direct appeal. Movant's ineffective assistance of counsel argument depends on the other claims to satisfy the prejudice prong, and those claims are devoid of merit. Finally, there is no basis for concluding the prosecutor's decision not to dismiss Count IV was malicious. For these reasons, a Certificate of Appealability should not be issued.

## IV. CONCLUSION

The motion for postconviction relief is denied. The Court declines to issue a Certificate of Appealability.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 29, 2012      UNITED STATES DISTRICT COURT

7